**FILED**
CLERK, U.S. DISTRICT COURT

8/27/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: MMC   DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL JASON ST PIERRE,<br><br>　　　　Defendant. | CR No. 2:24-CR-00518-DMG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of A Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about June 4, 2024, in Los Angeles County, within the Central District of California, defendant MICHAEL JASON ST PIERRE knowingly and intentionally possessed with intent to distribute, in his vehicle, at least five grams, that is, approximately 25.78 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about June 4, 2024, in Los Angeles County, within the Central District of California, defendant MICHAEL JASON ST PIERRE knowingly and intentionally possessed with intent to distribute, in a rented motel room, at least fifty grams, that is, approximately 285.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about June 4, 2024, in Los Angeles County, within the Central District of California, defendant MICHAEL JASON ST PIERRE knowingly possessed a firearm, namely, a Companhia Brasileira de Cartuchos, model SB, 12-gauge shotgun, bearing serial number 880200, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about June 4, 2024, in Los Angeles County, within the Central District of California, defendant MICHAEL JASON ST PIERRE knowingly possessed a firearm, namely, a Companhia Brasileira de Cartuchos, model SB, 12-gauge shotgun, bearing serial number 880200, and ammunition, namely, one Remington 12-gauge shotshell, each in and affecting interstate and foreign commerce.

Defendant ST PIERRE possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA051146, on or about April 27, 1992;

2. Prison Escape without Force, in violation of California Penal Code Section 4530(b), in the Superior Court for the State of California, County of Los Angeles, Case Number BA118102, on or about August 14, 1995;

3. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number SA034934, on or about February 24, 1999;

4. Petty Theft with a Prior, in violation of California Penal Code Section 666, in the Superior Court for the State of California, County of Los Angeles, Case Number BA235991, on or about September 18, 2002;

     5. Possession of a Stolen Vehicle, in violation of California Penal Code Section 496d(a), in the Superior Court for the State of California, County of Los Angeles, Case Number LA051782, on or about April 27, 2006;

     6. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA369745, on or about April 9, 2010;

     7. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA397605, on or about May 21, 2012;

     8. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA398489, on or about August 15, 2012;

     9. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA415382, on or about August 26, 2013;

     10. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA418006, on or about November 7, 2013; and

     11. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA441292, on or about March 2, 2016.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title, and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three or Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JOSEPH DE LEON
Assistant United States Attorney
General Crimes Section